## FRANK H. DEAR v. C. A. REMINGTON.[1]

March 8, 1929.

No. 27,166.

Courtney & Courtney, for appellant.
Gannon & Strizich, for respondent.

STONE, J.

On defendant's alternative motion for judgment or a new trial, judgment was ordered for defendant and plaintiff appeals.

The action is to recover damages for fraud. Plaintiff's original claim was that through the deceit of defendant he had secured a third mortgage, when he was entitled to a second, upon a residence property in Hibbing. In that connection plaintiff averred that defendant had negotiated the loan for him as his confidential friend and agent. It is further said that, in fraud of plaintiff's rights, defendant himself took the second mortgage and caused plaintiff to receive only a third; that defendant thereafter secretly foreclosed his second mortgage in such fashion as to prevent a redemption of the premises by plaintiff, thereby damaging him in the amount of his own loan—$3,500.

The two mortgages were filed for record at the same moment, having been transmitted to the register of deeds for that purpose, but without instructions as to order of filing, by a common agent

[1] Reported in 223 N. W. 925.

of plaintiff and defendant. Defendant's mortgage bore an earlier date than plaintiff's, and the register of deeds gave it a filing number just ahead of the one indorsed on plaintiff's mortgage. That was prima facie evidence and nothing more that defendant's mortgage took priority over plaintiff's. G. S. 1923, § 895. Wolf v. Edmonston, 99 Minn. 241, 109 N. W. 233, 116 A. S. R. 411. The mortgages themselves contained nothing by way of recitation to show that either was prior to the other. But on the whole case it is apparent that as between plaintiff, defendant and their common mortgagors, plaintiff was entitled to have his mortgage take precedence of that to defendant. There is no evidence that defendant ever represented to plaintiff or ever considered that he (defendant) had anything but a third mortgage subject to plaintiff's, which he took to be the second. When defendant placed his mortgage in the hands of attorneys for foreclosure he referred to it as "a third mortgage subject to the first and second."

Plaintiff's claim of fraud was so far reduced by the evidence that it had to go to the jury upon a conversation, had early in December, 1924, between defendant and plaintiff's then attorney. The first mortgage had been foreclosed, defendant had bought and then owned the certificate of sale, and the time for redemption was to expire in January, 1925. Defendant's mortgage had also been foreclosed, and the time for redemption therefrom had expired. The attorney had been informed that his client, plaintiff, was supposed to have a second mortgage. He called on defendant and was shown the foreclosure sale record of his mortgage and then discovered that the time for redemption had already expired, a fact without effect upon plaintiff if in fact his mortgage was entitled to priority over that of defendant. The attorney testifies that he then invited defendant's attention to the fact that his mortgage had been dated prior to the one to plaintiff and that "it being so dated, that the Dear mortgage was a third mortgage and not a second mortgage; and Mr. Remington told me that he intended to sell the property. * * * and that when he sold it he would turn over to Mr. Dear all money in excess of what money he had in it, his own mortgage" and the

first mortgage and "what he spent for repairs, taxes and insurance, and that in case of a sale, he would turn over that money to Mr. Dear, and that in general substance is the conversation I had with him at that time."

Apparently without investigation of the history of the two mortgages to ascertain which was in fact entitled to priority, the attorney in question at once told plaintiff that in his opinion the foreclosure of the mortgage to defendant and the expiration of the period of redemption therefrom had excluded plaintiff from any right in or lien upon the property, advice clearly erroneous if plaintiff's original theory was sound. But in reliance upon that advice plaintiff abandoned all thought of redeeming or any other procedure to make good his claim as the holder of a second mortgage.

There is no memorandum explanatory of the order for judgment, but it may well have been based upon the conclusion that there was no evidence that fraud had been practiced upon plaintiff. As the case went to the jury, plaintiff had waived every claim except the one that defendant had made fraudulent representations in his conversation, already quoted, with plaintiff's attorney. But no misrepresentation was then made by defendant. He simply exhibited his foreclosure record and stated his intentions. He let the attorney come to his own conclusion, which, as already indicated, was erroneous if plaintiff's theory is well founded. If in fact he was entitled as between himself and defendant to a second mortgage, there was no time, until the period for redemption from the first mortgage expired in January, 1925, when by appropriate action he could not have had the priority of his mortgage established over the one held by defendant. Plaintiff doubtless is suffering hardship, but we cannot relieve him at the expense of defendant. Not having availed himself of the right which was his to redeem from the first mortgage, there is no law which will now permit plaintiff to transfer his loss to defendant in the absence of proof that wrongdoing by the latter was the proximate cause of the damage. That vital element is lacking in plaintiff's case.

Order affirmed.