## MARGARET BISHOP AND ANOTHER v. ELIZABETH FILLENWORTH AND ANOTHER.[1]

May 25, 1945.

No. 34,006.

*Leo J. Seifert,* for appellants.
*Julian E. Morten* and *G. J. Fillenworth,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiffs' suit to cancel and annul a real estate mortgage and to enjoin its foreclosure resulted in adverse findings. The suit had

[1]Reported in 18 N. W. (2d) 775.

for its foundation their asserted claims that fraud was practiced in its procurement; also, that the debt ostensibly secured thereby was wholly without consideration. Their blended motion for amended findings or new trial was denied, and they appeal.

While the facts are somewhat involved, we believe the following résumé will prove adequate.

One Anthony J. Praxel was the owner of a statutory homestead consisting of two lots in the village of Lamberton. He died intestate in 1929, leaving as his sole heirs at law his widow, Katherine, and two minor children. In that situation, his widow took a life estate and the two children the remainder in equal shares. The widow was duly appointed administratrix of his estate and during the times hereinafter mentioned continued in that capacity. She was also the guardian of the children.

In the fall of 1937, plaintiffs made arrangements to purchase this property at the agreed price of $3,600. A "down payment of $5.00" was then made, and plaintiffs at once entered into possession and have ever since continued to occupy the premises. When it came to raising the necessary funds, plaintiffs had difficulty finding anyone willing to accommodate them to the extent of their requirements. In their efforts to raise the required money they consulted defendant G. J. Fillenworth, a practicing lawyer. His advice and services were sought and obtained. Pursuant thereto, negotiations were had with the administratrix and her attorney, Julian Morten, but the amount needed to put the deal through on that basis was not made available. However, a new deal was finally arrived at whereby the purchase price was reduced to $3,350. Mr. Fillenworth had a client who was willing to lend plaintiffs $2,600, to be secured by a first mortgage upon the purchased premises. In making the report of sale to the probate court, $3,000 was the sum given as the purchase price. The sale was confirmed at that figure. Shortly thereafter, however, the probate court was informed that the true consideration was $3,350. Since the widow had only a life estate in the property, the probate court determined that the widow take 51.43 percent and the two children

48.57 percent of the total sum. Upon that basis, the widow, as guardian, with the approval of the probate court, settled her final account as to the daughter, who had arrived at full age. An equal amount was deposited with the probate court for the other child, a boy, who had not reached maturity.

In consummating the deal, plaintiffs executed a note and mortgage for $350 payable to the widow, who, pursuant to the arrangement theretofore made, assigned the mortgage and endorsed the note to defendant Elizabeth Fillenworth. This is the mortgage involved in the present litigation. The record is clear that plaintiffs finally agreed to pay $3,350 for this property, and there is no doubt that they knew they were to pay the $350 to balance the cash payment of $3,000 so as to make the full purchase price $3,350. Plaintiff A. H. Bishop testified, when examined by his counsel (Record, p. 75, f. 223), as follows:

"Q. You knew, of course, that you were signing a $350.00 mortgage?

"A. Yes, sir.

"Q. And that it was to be used in payment of this house?

"A. Yes, sir."

This mortgage was executed in January 1938, and plaintiffs paid the interest on it until April 1942. At that time, plaintiffs discovered that the consideration recited in the deed to the property was $3,000; therefore they concluded that the $350 mortgage was without consideration and had been procured by Mr. Fillenworth by false and fraudulent representations. This is the instrument plaintiffs now seek to annul.

■ The fraud question is given the first and most prominent place in plaintiffs' brief. As we have seen, there is no question about plaintiffs' agreement to pay $3,350 for the property. The $350 mortgage presently involved represents the difference between the agreed price and the $3,000 actually paid. In that situation, we fail to see wherein plaintiffs have been damaged in any sum whatever. They are required to pay only what they agreed to pay

after having succeeded in reducing the original sum by $250. In fraud and deceit cases, damage is of the essence of the action—an essential element of the cause, not merely a consequence flowing from it. Hence, fraud without damage or damage without fraud will not sustain such an action. 3 Dunnell, Dig. & Supp. § 3828, and cases under notes; *cf.* Dear v. Remington, 176 Minn. 559, 561, 223 N. W. 925, 926, where our conclusion was that wrongdoing without damage proximately resulting therefrom defeated plaintiff's cause.

■ The general rule in fraud cases is that he who claims fraud must prove it. That burden rests upon the one so claiming it throughout the entire trial. 3 Dunnell, Dig. § 3837; McEleney v. Donovan, 119 Minn. 294, 138 N. W. 306. Many cases are cited by Mr. Dunnell in his notes supporting the text.

■ In this case, we have the trial court's finding that the $350 note and mortgage are—

"valid instruments, and must remain as written and signed by the plaintiffs; that the same constitute an absolute and unconditional liability on the part of the plaintiffs," and that "defendant Elizabeth Fillenworth is the owner and holder thereof for value in good faith and without notice."

The facts so found, abundantly established by the record, can leave no doubt as to the correctness of the trial court's conclusions. As we have already noted, plaintiffs are in no position to complain. They have suffered no damage or harm. The Praxel heirs are not complaining, nor are they parties to this cause.

■ That there was adequate consideration for the note and mortgage is conceded by plaintiffs, since these were executed "to be used in payment of this house."

Order affirmed.