Submitted on briefs January 21, reversed February 23, rehearing denied March 23, 1926.

## CHARLES RINGLER *v.* SAMUEL RUBY.

(244 Pac. 509.)

Torts.

1. Third person, who through fraud and deceit prevents performance of contract, is liable for damages.

Torts—Broker to Recover for Interference With Contract With Another must Allege and Prove Contract, Interference and Damage.

2. Broker to recover for fraud and deceit of defendant in preventing performance of contract between broker and another was required to aver and prove contract, and that by such fraudulent

---

1. Liability of a person in damages for inducing breach of a contract, see notes in 16 L. R. A. (N. S.) 746; 28 L. R. A. (N. S.) 615; L. R. A. 1915F, 1076. See, also, 26 R. C. L. 775.

interference broker was prevented from performing such contract, and that damages were sustained as a result thereof.

**Frauds, Statute of—Objection That Contract Between Broker and Another was Void Under Statute of Frauds Held Unavailable to Stranger Charged With Preventing Performance.**

3. In broker's action for damages for alleged interference by defendant with performance of contract between broker and another, objection that alleged contract was void under statute of frauds *held* unavailable to stranger to agreement.

**Torts—Interference With Broker's Contract With Owner Actionable, Though Broker had not Earned Commission.**

4. In broker's action for damages for defendant's interference with broker's contract with owner of property, that broker at time of such interference had not earned his commission will not preclude recovery.

**Torts—Broker Held not Entitled to Recover Damages for Preventing Him from Procuring Purchaser at Stipulated Price, Where He Did not Show He Could have Procured Such Purchaser.**

5. Broker *held* not entitled to recover damages of defendant for preventing broker by fraud from procuring a purchaser for owner's property at stipulated price, where there was no evidence that broker would have been able to have performed his contract had he not been prevented from so doing by alleged fraud of defendant.

### ON PETITION FOR REHEARING.

**Appeal and Error—Question of Sufficiency of Evidence for Jury Held Properly Before Reviewing Court, Where Defendant Moved for Directed Verdict, Because Plaintiff had not Established Case for Jury, and Excepted to Court's Ruling Denying Such Motion, Though No Exception was Taken to Ruling Denying Nonsuit.**

6. Question of sufficiency of evidence to be submitted to jury *held* properly before reviewing court, where defendant moved for directed verdict because plaintiff had not established case for jury, and excepted to court's ruling denying such motion, notwithstanding that no exception was taken to court's ruling denying motion for nonsuit.

---

Appeal and Error, 3 C. J., p. 943, n. 27.

Brokers, 9 C. J., p. 595, n. 29, p. 673, n. 89 New, p. 678, n. 33, 36, p. 679, n. 38.

Frauds, Statute of, 27 C. J., p. 224, n. 37, p. 304, n. 38, p. 307, n. 65.

Pleading, 31 Cyc., 289, n. 60.

Torts, 38 Cyc., p. 510, n. 36, p. 523, n. 14, p. 538, n. 96, p. 539, n. 98.

Trial, 38 Cyc., p. 1555, n. 8.

---

3. See 25 R. C. L. 733.

From Multnomah: GEORGE W. STAPLETON, Judge.

In Banc.

This is an action to recover damages for an alleged interference with the performance of a contract. Plaintiff, a real estate broker, alleges that he entered into an oral agreement with Samuel Mesher that if he would procure a purchaser for Mesher's property at a price of $21,000, he would be paid for his services the sum of $1,000 cash. Plaintiff avers that, pursuant to this oral agreement, he advertised the property for sale at such price, and by reason thereof attracted the attention of the defendant, with whom he "entered into and began negotiations for the sale of said property"; that he showed the property to him and advised him as to the terms upon which it could be bought; that after negotiations for some weeks "the defendant determined to buy said property and to pay therefor $21,000, and then and there conceived the idea and invented (a) fraudulent plan of cheating and defrauding the plaintiff and the owner of said property and thereby benefiting himself, and in pursuance of said idea and plan the defendant, while still negotiating with the plaintiff for said property, took advantage of the information imparted to him by plaintiff, to wit, the name and address of the owner of said property and the further information that the said Mesher's net price for said property was $20,000, and proceeded directly to the said owner at the address furnished by the plaintiff and stated unto the said Mesher that he was interested in the purchase of said property, and then and there falsely and fraudulently, and with the express intent and for the express purpose of cheating and defrauding the plaintiff and depriving him of

his commission and told and represented unto the said Mesher, in response to a direct inquiry from said Mesher, that he, the said defendant, had not negotiated or dealt with the plaintiff or any other agent or person whomsoever for the purchase and sale of said property; that he had discovered that said property was for sale upon his own initiative and he would pay $20,000 therefor and no more, and said Mesher, if he sold said property to defendant, would not have to pay a broker's commission to the plaintiff nor be obligated to pay said or any commission.'' Plaintiff alleges that these representations were knowingly false; that Mesher relied thereon, and by reason thereof was induced to and ''in perfect good faith did sell and convey the property to the defendant, and for the price of $20,000,'' whereby plaintiff alleges he was damaged in the sum of $1,000.

Defendant demurred to the amended complaint for the reason that it failed to state facts sufficient to constitute a cause of action, but the same was overruled, and defendant answered denying the above allegations and alleging affirmatively:

''He learned of the fact that said property was for sale through the advertisement of the plaintiff herein, and thereafter negotiated directly with the owner of said real property and made his purchase from the owner for the sum of $21,105.44.

''That the plaintiff was the procuring cause by which this defendant negotiated with and consummated the sale with the owner.

''That whatever contract the plaintiff may have had with the owner of said real property, was in no way interfered with or disturbed by this defendant. On the contrary, he was instrumental in carrying out the terms of said contract by his purchase from the owner direct.''

Plaintiff in his reply admitted that he procured defendant to purchase the property in question, but denied other affirmative matter in the answer. Defendant moved for nonsuit and directed verdict, but the cause was submitted to a jury and a verdict was returned in favor of plaintiff for $1,000. Defendant appeals.                                        REVERSED.

For appellant there was a brief over the names of *Messrs. Beck & Hoecker, Messrs. Bernstein & Cohen* and *Messrs. Martin L. Pipes, John M. Pipes* and *George A. Pipes.*

For respondent there was a brief over the name of *Mr. W. B. Shively.*

BELT, J.—There is evidence tending to show that plaintiff had an oral agreement to procure a purchaser for the property as alleged; that pursuant to such agreement he showed defendant the property, advised him as to the terms of sale and the amount of his commission, and endeavored to sell it to him at the price of $21,000, but was unable to do so; that subsequent to such negotiations defendant, in an effort to deprive plaintiff of his commission, dealt directly with the owner, and fraudulently concealed from him the fact that he had been negotiating for the property with the plaintiff or that he had been sent there by him; and that by reason of the alleged fraud Mesher was induced to sell the property to defendant for $20,000. Assuming this evidence to be true, does it constitute a *prima facie* cause of action? Otherwise stated, did the trial court err in submitting the matter to the jury?

1, 2. Plaintiff contends that a third person who, through fraud and deceit, prevents the performance

of a contract, is liable for the damages sustained: 25 R. C. L. 733, and numerous cases cited supporting the text. This proposition of law is sound, but we are concerned whether the averments and proof come within such doctrine. For plaintiff to recover, it was necessary to aver and prove: (1) The contract as alleged; (2) that by reason of the wrongful and fraudulent interference of defendant plaintiff was prevented from performing such contract; and (3) that damages were sustained as a result thereof.

3. At the very threshold of the case plaintiff is met with the objection that the alleged contract, by reason of the statute of frauds, is void. Defendant, however, is not in position to urge this point. He is not a party to the contract. It does not rest with him to say that the parties thereto will not abide by the same regardless of the statute. There is nothing inherently wrong, nor is it illegal, for an owner of real property orally to make such an agreement. The statute of frauds was enacted for the protection of the party sought to be charged. It is personal and not available to strangers to the agreement: *Clarke* v. *Philomath College,* 99 Or. 366 (193 Pac. 470, 195 Pac. 822); *Ex parte Banks,* 185 Ala. 275 (64 South. 74); *Rickards* v. *Cunningham,* 10 Neb. 417 (6 N. W. 475); *Happ* v. *Ducey,* 110 Neb. 429 (193 N. W. 918); *Rice* v. *Manley,* 66 N. Y. 82 (23 Am. Rep. 30); 27 C. J. 307; Williston on Contracts, § 530; Cooley on Torts (3 ed.), 949. It is to be noted that the cases cited are from states whose statutes provide that such agreements are void unless reduced to writing and signed by the party charged. *Dung* v. *Parker,* 52 N. Y. 494, is relied upon by appellant, but that case, in *Rice* v. *Manley, supra,* is distinguished and held not to be in con-

flict with the conclusion here reached. There is ample proof that plaintiff had a contract as alleged, and we must here consider it as a valid and binding agreement. Of course, it could have no force or effect against Mesher if he saw fit to avail himself of the protection of the statute, but with that question we are not concerned.

4. We next come to the question: Did defendant by fraudulent means prevent plaintiff from performing his contract? In considering this phase of the case, it is important to bear in mind that plaintiff agreed to procure a purchaser who would buy the property for $21,000. Plaintiff avers that defendant bought the property for $20,000. It is not averred, nor is there evidence tending to show, that plaintiff ever procured a purchaser who was ready, able and willing to pay $21,000. We take it, therefore, that plaintiff, at the time of defendant's alleged interference, had not earned his commission because he had not done what he had contracted to do. But plaintiff by reason thereof is not precluded from recovery. In *Krigbaum* v. *Sbarbaro,* 23 Cal. App. 427 (138 Pac. 364), the court said:

"But the defendants contend that, in order to have stated a cause of action, the plaintiff must have disclosed by his complaint that, at the time the defendants are alleged to have interfered with said negotiations and thus prevented the sale from being consummated through the instrumentality of the plaintiff, he had procured in said association a purchaser of said properties, ready, willing, and able to purchase the same for the amount and upon the terms prescribed by said committee. We do not agree with this contention. While we do not think that it may be inferred from the complaint that the plaintiff had, strictly speaking, procured a purchaser ready, willing, and able to purchase the properties, it is, as

before stated, clear from the averments that he was, when interfered with by the defendants, conducting negotiations with a party ready, willing, and able to purchase, and that the only other step necessary to the procurement of such a purchaser was in concluding the negotiations; that is, in consummating or crystallizing the negotiations into an agreement. This, the complaint plainly states, would have been accomplished but for the wrongful acts of the defendants in preventing the committee from making the sale through the plaintiff, and herein lies the tort of the defendants from which the damage suffered by the plaintiff ensued."

It is true that plaintiff had not performed his contract, but the law does not permit the defendant wrongfully and fraudulently to interfere with his right of performance. As stated in *Skene* v. *Carayanis,* decided January 8, 1926 (Conn.), 131 Atl. 497:

"The law does not, however, restrict its protection to rights resting upon completed contracts, but it also forbids unjustifiable interference with any man's right to pursue his lawful business or occupation, and to secure to himself the earnings of his industry. Full, fair, and free competition is necessary to the economic life of a community, but under its guise, no man can, by unlawful means, prevent another from obtaining the fruits of his labor."

5. Plaintiff could not recover upon the theory that defendant caused a breach of contract between him and the owner, for the latter did only that which he had a legal right to do. Plaintiff, under his contract, was not given an exclusive right to sell the property. Neither could plaintiff recover if it is true, as defendant contends, that it was purchased for $21,105.44; for in such event the commission would have been earned, there would have been no interference by defendant, and plaintiff would be obliged, under such circumstances, to look to Mesher for com-

pensation. It is important to bear in mind the theory upon which this action was brought, viz., that defendant prevented the plaintiff from procuring a purchaser who was ready, able and willing to buy at the stipulated price of $21,000. If it be conceded that plaintiff's allegation that "defendant determined to buy said property and to pay therefor $21,-000" is equivalent to an averment that he had procured a purchaser who was willing to buy for such price, we submit there is no evidence tending to establish such allegation. There is no proof whatever that defendant ever made an offer to plaintiff that he would pay $21,000 for the property in question. Nor is there any evidence that plaintiff would have been able to have procured such a purchaser. In what way, then, did defendant prevent the performance of plaintiff's contract? The most that can be contended is that defendant, through fraud, brought about the termination of a contract in which plaintiff was interested.

The facts in *Skene v. Carayanis et al., supra,* are very similar to the case under consideration. Skene had a contract with defendants to procure a purchaser for their land. She obtained an offer from O'Brien to pay $90,000, and the owners signified that they would accept it. She, however, was never able to consummate the deal with O'Brien, and finally the latter said he was no longer interested in the premises. Later, there appeared on the scene one Wolfson, who went directly to the owners and offered $85,000 for the property. Wolfson was informed of the offer O'Brien had made, but he stated that he was not representing O'Brien, but another person. Wolfson assured the owners that if they sold to him, they would not be liable for any commission. The deal was closed. O'Brien as a matter of fact fur-

nished Wolfson $1,000 to make the initial payment, and the contract for conveyance which Wolfson obtained was later assigned to him. Action was brought against O'Brien and Wolfson for damages sustained in conspiring to prevent the plaintiff from earning her commission, and the court held she was entitled to prevail. There, an offer was made to the broker which was satisfactory to the owner. All that remained to be done was the consummation of their negotiations by reducing their agreement to writing. There was evidence, therefore, for submission to the jury that the commission would have been earned had it not been for the fraud of defendants. The court instructed the jury that the two vital elements in plaintiff's case were: "Would the plaintiff have earned a commission had it not been for the acts of the defendants? Was she prevented from earning it by a fraudulent conspiracy on their part?" In the instant case there was no offer by defendant to purchase the property for $21,000. There is no evidence upon which to base a finding that plaintiff would have earned the commission of $1,000 had it not been for the alleged fraud of defendant. There is no evidence that defendant prevented plaintiff from earning such commission. To recover, it was essential for plaintiff to have alleged and established that he would have been able to have performed his contract had he not been prevented from doing so by the alleged fraud of defendant. It is not sufficient merely to show that defendant wrongfully interfered with plaintiff's contractual relations with Mesher, but it must also be established that plaintiff sustained damages as a result thereof.

The demurrer to the amended complaint should have been sustained, but, assuming such pleading was not defective, the defendant was entitled to judgment of nonsuit.

It is unnecessary to consider other assignments of error.

The judgment of the lower court is reversed.

REVERSED.

BURNETT and COSHOW, JJ., concur in the result.

---

Rehearing denied March 23, 1926.

ON PETITION FOR REHEARING.

(244 Pac. 509.)

For the petition, *Mr. W. B. Shively.*

*Contra, Messrs. Beck & Hoecker, Messrs. Bernstein & Cohen, Mr. Martin L. Pipes, Mr. John M. Pipes* and *Mr. George A. Pipes.*

BELT, J.—6. Our attention is directed to the fact that no exception was taken to the ruling of the court denying the motion for nonsuit. It is contended that whether there was any evidence to be submitted to the jury is a question not subject to review for the reason only error duly excepted to will be considered on appeal. Defendant moved for directed verdict because plaintiff had not established a case to be submitted to the jury, and exception was allowed to the ruling of the court denying such motion.

We think the question of the sufficiency of the evidence was properly before this court. There is nothing in addition that we care to say relative to other matters discussed in the opinion. This has been a difficult case and not free from doubt, but, after most careful consideration, we believe the conclusion reached is sound.

The petition for rehearing is denied.

REHEARING DENIED.