## UNIVERSAL INS. CO. v. STEINBACH et al.

### No. 11760.

United States Court of Appeals Ninth Circuit.

Oct. 22, 1948.

As Amended on Denial of Rehearing Nov. 24, 1948.

**304**

MacCormac Snow, of Portland, Or., for appellant.

George P. Winslow, of Tillamook, Or. and W. K. Phillips and Wm. C. Ralston, both of Portland, Or., for appellees.

Before MATHEWS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellees are seeking to enforce payment of an alleged liability on a marine insurance policy issued by appellant to insure a dredge known as the "Wishram", which was destroyed while being towed from Nehalem Bay to Tillamook Bay, in the State of Oregon. Appellant denies liability because, as it contends: (1) Appellees were not legal title holders of the dredge and had no insurable interest therein; (2) that there was a breach by appellees of an implied warranty of seaworthiness; (3) that misinformation was given and also a failure to disclose material facts concerning the risk at the time the policy was executed.

The main question for decision is the alleged lack of insurable interest in the dredge at the time the policy was issued. The trial court found appellees had such an interest.

Appellees are the wives of John and David Steinbach, brothers engaged in the operation of a machine shop. The brothers, together with one Captain Hugh Corgan, purchased the dredge from the United States government. The purchase money of the dredge, repair bills and wages for Captain Corgan and his son, was advanced by the Steinbach Brothers in the sum of $9,446.26. Of this amount $2,925 was borrowed from appellee Frances Steinbach.

The Steinbach Brothers and Captain Corgan agreed to form a corporation to take over the dredge and operate it. As the dredge earned money the amount borrowed from Frances M. Steinbach was to be repaid. Title to the dredge was eventually to be transferred to the corporation. Transfer of the dredge from the War Department to Corgan was by letter. Corgan did

not execute any instrument transferring the dredge to appellees or any one else. Corgan has disclaimed interest in the dredge.

Subsequent to the purchase of the dredge and the delivery of possession, John L. Steinbach and Captain Corgan made application to a Mr. Knapp, an agent of appellant, for a policy of marine insurance. Mr. Knapp inquired as to whom the policy should run. Captain Corgan informed Knapp that John L. Steinbach would answer that question. Steinbach then informed Knapp that the dredge had been bought for the benefit of the Steinbach wives and to make the insurance out in the names of Carolyn and Frances Steinbach.

The evidence discloses that the title to the dredge was discussed at a so-called "family conference" of the Steinbach Brothers and their wives. Frances M. Steinbach testified that the plan for purchasing the dredge was discussed and a decision reached whereby "Carolyn and myself should have the Wishram". David Steinbach testified that because of financial difficulties, "the family" did not want the dredge transaction to get mixed with the iron works business and for that reason agreed that the ladies should own the dredge. John Steinbach testified that such an agreement was entered into.

The Steinbach Brothers had no interest in the dredge when the initial "family agreement" was made, and no interest passed at that time, but that agreement furnished a circumstance which allowed the imposition of a trust on the property when the "transferors" (Steinbach Brothers) later obtained an interest therein. Merritt Oil Corporation v. Young, 10 Cir., 43 F.2d 27. The subsequent acknowledgment of the prior "family agreement" passed the interest to appellees. Scott on Trusts, § 26.5, p. 169; see § 26, comment K, of Restatement of Trusts. The prior oral agreement was acknowledged when the insurance policy was taken out. We hold it to be a sufficient recognition to pass the beneficial interest to the wives. It is immaterial that express words of trust were not used; such are not necessary to create the trust, so long as the intent is manifest.

Allen v. Hendrick, 104 Or. 202, 227, 206 P. 733.

Captain Corgan, holder of the legal title, manifested his acquiescence in and understanding of the fact that the "wives" were the holders of the beneficial interest by his statement to the insurance agent that John L. Steinbach would furnish the information as to whom the policies would run and his failure to make any protest when Steinbach then stated the policy should run to the wives as it had been agreed they were to be the owners. This also supports the finding of the trial court that Captain Corgan was fully informed of the "family agreement". The intent of the parties, manifested by their conduct and oral declarations, determines that the beneficial title lies with appellees. Allen v. Hendrick, 104 Or. 202, 211, 206 P. 733.

The statutes of Oregon provide that a person has an insurable interest if he stands in any legal or equitable relation to the property. §§ 101-1119 and 101-1120, O.C. L.A.

Appellant urges that the "Wishram" is a vessel within the meaning of the Oregon statute of frauds, § 2-907, O.C.L.A. which requires a writing and a signature of the transferor to effectuate a valid transfer. The defense of the statute of frauds is not available to appellant. Ringler v. Ruby, 117 Or. 455, 244 P. 509, 46 A.L.R. 245; Clarke v. Philomath College, 99 Or. 366, 384, 193 P. 470, 195 P. 822.

The trial court found that the "Wishram" was seaworthy when the towage was undertaken, for the reason that the hawser, which alone was alleged to be defective, was not a part of the dredge's equipment, but rather that of the tug. This finding is correct. Cf, The Quickstep, 9 Wall. 665, 76 U.S. 665, 19 L.Ed. 767; The Britannia D.C., 148 F. 495.

Misrepresentation as to ownership at the time of securing the policy is charged. This contention has no merit. Full and complete information as to ownership was given the agent. This must have been so because the policy was executed in favor of those holding the beneficial interest.

Withholding of important information is also made a subject of attack. The failure of the Steinbachs to disclose the intent to form a corporation to operate the dredge and a failure to state to appellant's agent the reasons for transferring ownership to the wives are given as the alleged concealments. These matters were in no way relevant to the insurance contract. See §§ 101-1132, 1133 and 1134, O.C.L.A.

Judgment affirmed.