Argued October 30, 1968, affirmed January 15, 1969

LUISI, *Appellant, v.* BANK OF COM-
MERCE ET AL, *Respondents.*

449 P. 2d 441

*Leeroy O. Ehlers,* Pendleton, argued the cause for appellant. On the briefs were Fabre, Collins & Ehlers, Pendleton.

*George H. Corey,* Pendleton, argued the cause for respondents. On the brief were Corey, Byler & Rew, Pendleton.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

HOLMAN, J.

This was an action in tort for damages because of the alleged interference by defendants with a contract between plaintiff and another. Plaintiff appealed from a judgment of involuntary nonsuit given at the completion of plaintiff's case in chief.

Oscar Pollard and Ray Powell were partners in automobile and truck dealerships in the city of Milton-Freewater. Powell served notice on Pollard of his desire to terminate the business relationship. Thereafter negotiations were entered into and Pollard agreed with

Powell to purchase Powell's interest in the business for $60,000. Plaintiff alleges that he orally agreed with Pollard that Pollard would accept him as an equal owner of the business in return for plaintiff's purchase of Powell's interest. This is the contract with which plaintiff claims defendants interfered.

An unprivileged third party's intentional interference with a contract is recognized as a basis for a tort action. *Wampler v. Palmerton*, 250 Or 65, 439 P2d 601 (1968). However, in order to bring such an action there must be a contract with which interference is made. *Raymond v. Shell Oil Co.*, 165 Or 11, 14-18, 103 P2d 745 (1940). We do not believe the evidence justifies a finding that a contract existed between Pollard and plaintiff. Extensive negotiations were carried on between them but we find no evidence of a meeting of the minds sufficient to constitute a contract. In testifying concerning the nature of the relationship to be formed between them, plaintiff stated:

"Q  Actually, you didn't have a plan as to how much each of you were going to put into this business, did you?
"A  No, we didn't.
"*   *   *   *   *

"Q  Now, you say there had to be further negotiations in forming this corporation?
"A  That's correct.

"Q  Those are negotiations with Mr. Snyder, for instance, who was going to be a stockholder apparently?
"A  I presume he would be.

"Q  And negotiations with Mr. Pollard?
"A  Yes.

"Q And those things haven't been finalized of course?

"A No, sir."

Plaintiff testified Pollard told him that he expected plaintiff to match him dollar for dollar. The following question was thereafter asked plaintiff:

"Q When Mr. Pollard said he wanted you to put up dollar for dollar he meant he wanted you to match dollars with him for $200,000?

"A I don't know what he meant."

In addition, it appears from plaintiff's testimony that he did not consider himself bound by what had transpired. He gave the following testimony:

"Q So really you said that you would withdraw from the deal? Is that what you said?

"A No. I said if there was rumors I would want to withdraw certainly.

"Q And you weren't bound in any way at that time, so you could withdraw if you wanted to? Is that correct?

"A That's correct."

If plaintiff could withdraw, so could Pollard and there was no agreement. It could be contended that it was not entirely clear whether the deal being referred to in the above testimony was plaintiff's alleged deal with Pollard or plaintiff's and Pollard's agreement with the bank to borrow jointly sufficient funds to pay for Powell's interest in the business. Even if it were the latter, the raising of the money was a necessary part of the alleged arrangement between plaintiff and Pollard. If plaintiff was at liberty to withdraw from the arrangement with the bank this meant that he and Pollard had not finalized their agreement.

We do not mean to indicate it is necessary, in all cases, that there must actually be a contract in ex-

istence before a third party can be held responsible for interference. A third party can be held responsible for interference with a business interest even though the arrangement interfered with does not rise to the dignity of a contract. 4 Restatement 49, Torts § 766(b). However, plaintiff is limited to proving a cause of action in conformance with that alleged in his complaint. See *Raymond v. Shell Oil Co.,* supra. He alleged interference by defendants with a contract between himself and Pollard. Having failed to prove such a contract he did not substantiate his cause of action. Whether a contract exists is important because defendant's privilege (duty not to interfere) is different where the business interest involved has not risen to the dignity of a contract.

The judgment of the trial court is affirmed.