# AMERICAN SANITARY SERVICE, INC.,
*Appellant,*
*v.*
# WALKER, *Respondent.*

554 P2d 1010

*John M. Berman,* Portland, argued the cause for appellant. With him on the briefs were Herbert H. Anderson, and Dezendorf, Spears, Lubersky & Campbell, Portland.

*John C. Anicker, Jr.,* Oregon City, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and O'Connell, Holman, and Bryson, Justices.

BRYSON, J.

## BRYSON, J.

This is an action to recover damages for defendant's interference with plaintiff's contractual rights. Judgment was entered in favor of plaintiff on a jury's verdict. On motion, the trial court granted judgment in favor of defendant notwithstanding the verdict. ORS 18.140(1). The plaintiff appeals.

Plaintiff has an exclusive franchise with Clackamas County to provide waste disposal services for the unincorporated area surrounding the city of Estacada. Estacada attempted to annex part of the area covered by plaintiff's franchise. The annexation was stayed and subsequently declared invalid. *Peterson v. Portland Met. Bdry. Com.,* 21 Or App 420, 535 P2d 577 (1975). Defendant had the waste disposal franchise for Estacada and began servicing plaintiff's franchised area. Plaintiff brought suit against Estacada and obtained an injunction preventing Estacada's interference with its franchise. Defendant was advised that an injunction had been granted and that the annexation had been stayed. Plaintiff also informed defendant that it was servicing the disputed territory but defendant serviced the area, collected fees, and moved plaintiff's collection boxes. The county administrator directed the defendant to cease and desist the violation of plaintiff's franchise but defendant continued in violation of the franchise. Plaintiff then filed this action.

Plaintiff contends that "[t]he trial court erred in sustaining defendant's motion for judgment notwithstanding the verdict."

The trial court, in its memorandum opinion, held "that the facts alleged in the complaint did not constitute a cause of action for interference of a contractual relationship." Defendant did not demur to the complaint and first contended that the complaint did not state a cause of action in his motion for judgment n.o.v. In *Welter, Adm'x v. M & M Woodwork-*

*ing Co.,* 216 Or 266, 279, 338 P2d 651 (1959), we stated:

> "Belatedly, by motion for judgment notwithstanding the verdict, the defendant urged that the complaint does not state a cause of action. In view of the tardiness of the challenge, every reasonable intendment should be indulged in favor of the sufficiency of the pleading. * * *"

When the pleading is attacked for the first time after judgment, the entire record will be examined. *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 219, 493 P2d 138 (1972).

Plaintiff alleged and offered proof of (1) its exclusive franchise with Clackamas County to provide waste disposal service for the territory involved; (2) notice to defendant of its exclusive franchise to service the area; and (3) defendant's interference therewith.

Paragraph VIII of the complaint alleged:

> "Plaintiff did recommence servicing said territory on June 1, 1974, and placed its pick-up boxes at the appropriate places. Defendant Dan Walker interfered with plaintiff's contractual relationship by moving plaintiff's pick-up boxes and by continuing to service said territory, and by offering to provide service for less than the rates which plaintiff was permitted to charge under its franchise."

Although admitting that plaintiff's exclusive franchise agreement with Clackamas County "may create a contractual or property right of some nature," defendant argues that plaintiff must fail since it "did not plead a contractual relationship with any of its customers or potential customers in the territory involved." Defendant stated that it does not contest that plaintiff might have a cause of action for tortious interference with a business relationship; only that since plaintiff plead interference with a contractual relationship it must prove such a relationship.

Plaintiff's complaint placed defendant on notice of its exclusive three-party business arrangement—

plaintiff's exclusive franchise with the county and its servicing of the customers in the territory by virtue of the franchise.

Plaintiff's contractual relationship with Clackamas County was not directly breached or interfered with by defendant's actions. However, the plaintiff's business relationship with its customers, which it enjoyed by virtue of the exclusive franchise, was interfered with. Plaintiff still had its franchise with the county but its servicing of its customers thereunder was made more onerous and less profitable, thereby causing it damage.

Observing the entire record, we cannot see how plaintiff or defendant would have tried the case differently if the pleadings had been couched in different language, as contended by defendant after judgment.

It is not a prerequisite to the action that the third party promisor breach its contract with the plaintiff. The right to recover damages suffered as a result of a defendant's intentional interference with plaintiff's business interest has been recognized in this jurisdiction where defendant's wrongful actions have rendered plaintiff's obligations more onerous or prevented plaintiff from realizing the full benefit of his contract with a third party. *Mandal v. Hoffman Const. Co.,* 270 Or 248, 250-52, 527 P2d 387 (1974) (citing *Phez Co. v. Salem Fruit Union,* 103 Or 514, 551, 201 P 222, 205 P 270 (1922)). See also, cases collected in footnotes 26 and 27, Prosser, Law of Torts 935, 936, § 129 (4th ed 1971); *Developments in the Law, Competitive Torts,* 77 Harv L Rev 888, 959-64 (1964); Harper, *Interference with Contractual Relations,* 47 Nw L Rev 873, 883-84 (1953); Carpenter, *Interference with Contract Relations,* 44 Harv L Rev 728, 730-32 (1928). "Any act injuring or destroying persons or property which retards or makes more difficult or prevents performance or makes performance of less value to the promisee, may fall within the scope of the tort." 44 Harv L Rev at 762.

■ In many respects this cause of action is analogous to the tort referred to as "interference with contractual relations" if in fact it is not an extension thereof. Four factors limit the bringing of this type of action. First, the mere existence of a contract does not necessarily give rise to an interest protectable by an action for tortious interference. For instance, this cause of action will not lie where neither party to the contract can, absent the contract, prevent third parties from exploiting the right underlying the contract. *Cable Vision, Inc. v. KUTV, Inc.,* 211 F Supp 47 (SD Idaho 1962), *rev'd* 335 F2d 348 (9th Cir 1964), *cert denied sub nom KLIX Corp. v. Cable Vision, Inc.,* 379 US 989, 85 S Ct 700, 13 L Ed 2d 609 (1965); see also, *Note, Interference with Contractual Relations: A Property Limitation,* 18 Stan L Rev 1406 (1966). Second, to be actionable an interference with the business relationship based on contract must be a knowing and not an inadvertent or incidental invasion of plaintiff's rights pursuant to a contract. *Ringler v. Ruby,* 117 Or 455, 244 P 509 (1926). *See also Wampler v. Palmerton,* 250 Or 65, 439 P2d 601 (1968). Third, the plaintiff must suffer damages. *Ringler v. Ruby, supra.* Fourth, defendant's acts must not have been privileged. *Luisi v. Bank of Commerce,* 252 Or 271, 273, 449 P2d 441 (1969). See also, Estes, *Expanding Horizons in the Law of Torts— Tortious Interference,* 23 Drake L Rev 341, 357-63 (1974).

■■ We conclude that the acts alleged by plaintiff, liberally construed, state a cause of action against the defendant for interference with plaintiff's business relationship created by its franchise with Clackamas County and its customers serviced by virtue thereof. Plaintiff alleged and offered proof of its franchise with Clackamas County. Defendant knowingly, and by his intentional acts of continuing service to plaintiff's customers and moving plaintiff's collection boxes, made the relationship under the contract more difficult, less valuable and less profitable for plaintiff to perform. We conclude the court erred in finding that

the complaint did not state a cause of action and in granting defendant's motion for judgment n.o.v.

■ Plaintiff also contends that "[t]he court erred in sustaining defendant's objection to the cost bill." Plaintiff's cost bill included the sum expended in taking the deposition of defendant Walker. ORS 20.020 provides that costs shall include "the necessary expenses of taking depositions." The above language has been strictly construed by this court. In *Kendall v. Curl et al,* 222 Or 329, 340, 353 P2d 227 (1960), we held:

> "The trial judge, who is in the best position to decide whether a deposition is, or has become, *necessary,* should approve the charge or a part of the charge for a deposition actually used or taken in good faith for testimonial purposes. Ordinarily, the matter is left to the discretion of the trial judge. * * *" (Emphasis added.)

*See also Baumbach v. Poole,* 266 Or 154, 161, 511 P2d 1219 (1973).

Unlike the facts in *Kendall v. Curl et al, supra,* and *Baumbach v. Poole, supra,* in the instant case portions of the deposition of Mr. Walker were read into the record as evidence. However, we note from the trial court file that following the filing of defendant's "Objection to Cost Bill" covering the cost of the Walker deposition, the trial court allowed defendant's motion for judgment n.o.v. and did not rule on defendant's objection to the cost bill. Therefore, there is no ruling of the court for us to consider. This is a matter for the trial court to decide.

Reversed with instructions to reinstate the judgment based on the jury's verdict.