[1] Reported in 69 N.W.2d 667.
Action for damages for fraud in inducing breach of contract and in the alternative for breach of contract. Plaintiff appeals from an order dismissing the action.[2]
Plaintiff, a real estate company, made the following allegations in its complaint. On September 3, 1952, it negotiated an agreement with Anna and Ann Lynam for the purchase of their home in St. Paul. On that date the plaintiff's agent, Samuel Lechtman, met with the Lynams at their home together with the defendant Albert D. Levin, one of the Lynams' attorneys. An oral agreement on the terms of the purchase was reached, after which Albert Levin, by telephone, called the defendant Abe I. Levin, also an attorney for the Lynams, and explained the agreement to him. Lechtman talked to Abe Levin, and the latter told Lechtman that he approved the contract but wanted to execute the earnest money contract the following morning *Page 290 
in his office because he was not familiar with the written terminology of the contract for the purchase of real property used by the plaintiff and would prefer to use his own. In reliance on Abe Levin's promise to execute the earnest money contract the next morning, plaintiff deferred further action that evening in closing the purchase. When Lechtman appeared at the Levins' office the next morning, prepared to execute the written contract, he was informed that the property had been sold the previous evening to another party. The Lynams sold the property to Doris Appelbaum, who was acting as agent for the Levins, and she in turn transferred it to Abe Levin and his wife, Rae Levin. The Levins paid $7,100 for the property, the same price plaintiff was to have paid, and resold it for $10,500.
Plaintiff alleged as its first cause of action that the representation made by the defendant Abe Levin that the transaction would be closed the morning of September 4, 1952, was false and was made with the intent to deceive and defraud plaintiff and that said representation was made as a part of a conspiracy on the part of the defendants to defraud the plaintiff. For its second cause of action plaintiff alleged that Abe Levin and Albert Levin failed to perform their agreement to complete the contract. Defendants' motion to dismiss was granted on the ground that the complaint failed to state a claim upon which relief could be granted against the defendants and that there was no genuine issue as to any material fact.
1. The only question before us is whether the complaint sets forth a legally sufficient claim for relief. It is immaterial to our consideration here whether or not the plaintiff can prove the facts alleged. Rule 9.02 of the Rules of Civil Procedure, which embodies the previously existing law in this state,[3] provides that where fraud is alleged the circumstances constituting the fraud must be stated with particularity. The complaint avers that the defendant Abe Levin falsely represented to the plaintiff's agent that the transaction would be closed the morning of September 4; that the misrepresentation was made with the intention of deceiving the plaintiff; that *Page 291 
plaintiff refrained from taking action in reliance upon the misrepresentation; and that the plaintiff suffered damages. It is also essential, however, in an action for deceit that the damage suffered be "proximately caused" by the false representation.[4] It appears from the complaint that plaintiff's damages here resulted from the failure on the part of the Lynams to perform the alleged oral contract. The representation made by the defendant merely induced plaintiff to postpone the completion of the transaction, and there is nothing to indicate that the brief delay had any bearing on or relation to the Lynams' decision to breach the contract. Either the Lynams decided to breach the contract themselves, or were induced to do so by the defendants or some other party. The complaint, however, contains no allegations to the effect that the defendants made false representations to the Lynams upon which they relied in taking the action which they did.
It is clear that the misrepresentation relied upon by plaintiff, namely, that the transaction would be completed the next morning, was not the proximate cause of the plaintiff's damages. Nor does the complaint allege any other misrepresentations which might proximately have caused the damages claimed to have been suffered. The complaint does not state a claim for relief based on fraud and deceit.
2. Throughout their briefs the parties have referred to plaintiff's asserted claim for relief as one for fraud and deceit in inducing breach of contract. While fraud is frequently involved in actions for interference with contract or inducing breach of contract,[5] the latter is a separate and distinct tort which may be actionable notwithstanding the absence of fraud.[6] According to the vast majority *Page 292 
of decisions, even though the means employed in procuring the breach are in themselves lawful, where the inducement is without justification it may nevertheless be actionable.[7] If the complaint here, which must be liberally construed in light of the new rules of civil procedure, fairly gives notice of a claim for inducing breach of contract and permits the application of the doctrine of res judicata, it is sufficient.[8]
Recovery may be had for inducing breach of contract by establishing (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his intentional procurement of its breach; (4) without justification; and (5) damages resulting therefrom.[9] The primary contention of the defendants is that, since the alleged oral contract between the plaintiff and the Lynams was void because of the statute of frauds, the first element is lacking, and hence the complaint does not state a claim upon which relief can be granted. With few exceptions, the authorities agree that noncompliance with the statute of frauds does not relieve the interfering party of liability for inducing breach of the contract.[10] This has *Page 293 
been said to be true even though the statute involved renders the contract "void,"[11] as does M.S.A. 513.05.[12] The rationale behind the prevailing view is that there is nothing inherently illegal in an oral agreement and, if the parties so desire, they may abide by its terms. The basis for the contrary view is not clear. In Levy v. Ross, 81 N.Y. So.2d 472, the court, apparently after examining previous New York decisions, held that a claim for interference with contract cannot be predicated on a contract void because of the statute of frauds. It concluded however that, if fraudulent representations were made in inducing the breach, the statute of frauds would not bar recovery since the action is based on fraud. An examination of the cases supporting the majority view reveals that in some instances fraud was involved in inducing the breach. However, in determining this particular question there is no sound reason for distinguishing cases in which the means used to induce the breach are fraudulent from those in which the means used are not in themselves unlawful. If the contract is void for all purposes, the plaintiff cannot recover regardless of whether the action is predicated on fraud since there is no contract to interfere with and hence no resulting damages. The faulty reasoning of the New York court is probably attributable to its confusion of cases involving fraud in inducing breach of contract with actions for fraud predicated on unenforceable oral promises made with an intention not to perform them. The situations obviously are not comparable.[13] *Page 294 
This precise question has not previously been before this court. However, in speaking generally of contracts coming within the statute of frauds, we said, in Oxborough v. St. Martin, 169 Minn. 72, 73, 210 N.W. 854, 49 A.L.R. 1115,1118:
"* * * It is not morally wrong to make or keep an oral agreement that falls within the statute of frauds, nor is there any statute which forbids entering such a contract."
In Borchardt v. Kulick, 234 Minn. 308, 48 N.W.2d 318, we thoroughly reviewed our decisions, many of which were conflicting, concerning the effect of noncompliance with the statute of frauds. Although that case did not involve a contract to sell real estate, we concluded (234 Minn. 320,48 N.W. [2d] 325):
"* * * the statute of frauds does not render a contract absolutely void in the sense that no contract ever comes into existence, * * *."
We also held that the defense of the statute of frauds was personal to the party to be charged and his privies. The reasoning of the Borchardt and Oxborough cases is applicable here. We are of the opinion, in accordance with what we consider to be the better reasoned view, that the defendants in the present case cannot avail themselves of the statute of frauds so as to avoid liability.
The complaint clearly alleges the defendants had knowledge of the existence of the contract but does not specifically allege that the defendants persuaded or otherwise procured the Lynams to withdraw from the contract. It is, of course, essential that some acts of the defendants were the proximate cause of the breach.[14] It is not enough that the defendants merely knew of the contractual relationship and obtained its benefits for themselves. We conclude, however, that the facts alleged, at least by implication, sufficiently apprise the defendants of this particular element of the tort. The allegations showing the relationship of the defendants to the Lynams, the short interval of time between the making of the alleged contract and its breach, and the other circumstances involved clearly imply *Page 295 
that the defendants induced the Lynams to breach the contract. Unlike claims for relief based on fraud, there is no requirement that the circumstances giving rise to a claim for inducing breach of contract by a means other than deceit must be stated with particularity.
Similarly, the complaint sufficiently alleges that the breach of contract was induced without justification.[15] We need not here concern ourselves with what constitutes sufficient justification. The term is not susceptible of any precise definition,[16] and normally it is a question of fact for the jury's determination.[17] In any event, the general view is that the burden of proving sufficient justification for the interference rests on the defendants.[18]
The final element of an action for inducing breach of contract, namely, damages resulting from the interference, is also clearly alleged in the complaint. Consequently, we conclude that while the complaint does not state a claim for relief based on fraud, it does sufficiently allege a claim for inducing breach of contract.
3. As its second cause of action the plaintiff claims that the defendants Abe Levin and Albert Levin entered into a separate oral contract with plaintiff's agent whereby plaintiff promised to forbear further action that evening in consideration for the Levins' promise *Page 296 
that the written contract would be executed the following morning. The Levins were not the owners of the property involved but were merely acting on behalf of the Lynams. It is obvious that they could not enter into a separate, personal contract concerning the terms of the sale of the property. Suffice it to say that, under any view of the facts alleged, we are unable to spell out a contractual relationship between the plaintiff and the Levins.
Reversed.
[2] This was held to be an appealable order in Royal Realty Co. v. Levin, 243 Minn. 30, 66 N.W.2d 5.
[3] Parrish v. Peoples, 214 Minn. 589, 9 N.W.2d 225; 8 Dunnell, Dig. (3 ed.) § 3836.
[4] Dear v. Remington, 176 Minn. 559, 223 N.W. 925; Prosser, Torts, § 90.
[5] "Interference with contract" is somewhat broader than "inducing breach of contract" in that the former includes "any act injuring or destroying persons or property which retards, makes more difficult, or prevents performance, or makes performance of a contract of less value to the promisee." Johnson v. Gustafson, 201 Minn. 629, 633, 277 N.W. 252, 254, quoting from Annotation, 84 A.L.R. 43, 52.
[6] Extensive annotations on procuring breach of contract may be found in 84 A.L.R. 43 and 26 A.L.R. 2d 1227.
[7] E.g., Sorenson v. Chevrolet Motor Co. 171 Minn. 260,214 N.W. 754, 84 A.L.R. 35; Faunce v. Searles, 122 Minn. 343,142 N.W. 816; Imperial Ice Co. v. Rossier, 18 Cal.2d 33,112 P.2d 631; Wade v. Culp, 107 Ind. App. 503, 23 N.E.2d 615; Ross v. Wright, 286 Mass. 269, 190 N.E. 514, 98 A.L.R. 468; Elk Street Market Corp. v. Rothenberg, 233 App. Div. 243,251 N Y S. 259. But see the dissent of Mr. Justice Stone in Sorenson v. Chevrolet Motor Co. supra, to the effect that if the interest to be served is legitimate the means used to effectuate the breach must be unlawful in themselves in order for the interference to be actionable.
[8] See, Roberge v. Cambridge Co-op. Creamery Co. 243 Minn. 230,232, 67 N.W.2d 400, 402; 2 Moore, Federal Practice (2 ed.) par. 8.13.
[9] Sorenson v. Chevrolet Motor Co. 171 Minn. 260, 214 N.W. 754,84 A.L.R. 35; see, Wolfson v. Northern States Management Co.210 Minn. 504, 299 N.W. 676; Twitchell v. Nelson, 126 Minn. 423,148 N.W. 451, 601.
[10] E.g., Powell v. Powell, 172 Kan. 267, 239 P.2d 974; Cumberland Glass Mfg. Co. v. DeWitt, 120 Md. 381, 87 A. 927; Louis Schlesinger Co. v. Rice, 4 N.J. 169, 72 A.2d 197; Louis Kamm, Inc. v. Flink, 113 N.J.L. 582, 175 A. 62,99 A.L.R. 1; Ringler v. Ruby, 117 Or. 455, 244 P. 509,46 A.L.R. 245; Bitzke v. Folger, 231 Wis. 513, 286 N.W. 36; Prosser, Torts, § 104, p. 980, note 44 and cases cited. Contra, Davidson v. Oakes, 60 Tex. Civ. App. 269, 128 S.W. 944; Sweeley v. Gordon, 47 Cal.App.2d 385, 118 P.2d 16, 842 (inducing a party to a contract to assert the statute of frauds is not actionable).
[11] Ringler v. Ruby, 117 Or. 455, 460, 244 P. 509, 511,46 A.L.R. 245, 248. Contra, Levy v. Ross, 81 N.Y. So.2d 472.
[12] M.S.A. 513.05 provides: "Every contract * * * for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party by whom the * * * sale is to be made, or by his lawful agent thereunto authorized in writing; * * *." (Italics supplied.)
[13] See, Rice v. Manley, 66 N.Y. 82, 87, 23 Am. R. 30, 34 (noting the distinction); Annotation, 104 A.L.R. 1420.
[14] Sweeney v. Smith (C. C. E. D. Pa.) 167 F. 385, affirmed (3 Cir.) 171 F. 645; Prosser, Torts, § 104, p. 986.
[15] The complaint in part alleges: "5. That the aforementioned acts by defendants, and each of them, were a conspirary with malice toward plaintiff with the intent and purpose of injuring plaintiff in its contractual relationship with the sellers in attempting to deprive it of the benefits of the agreement it had made for the purchase of said property."
[16] Promotion of the defendant's legitimate interests is not sufficient. Sorenson v. Chevrolet Motor Co. 171 Minn. 260, 266,214 N.W. 754, 756, 84 A.L.R. 35, 39. See, 12 Minn. L.Rev. 147, 168, where the author concludes that sufficient justification arises when "the defendants acted to protect an interest which the law will recognize as of greater weight than the contract itself." See, also, Sayre, Inducing Breach ofContract, 36 Harv. L.Rev. 663; Prosser, Torts, § 104, p. 996.
[17] Wolfson v. Northern States Management Co. 210 Minn. 504,299 N.W. 676; Wilkinson v. Powe, 300 Mich, 275, 1 N.W.2d 539.
[18] E.g., Keene Lbr. Co. v. Leventhal (1 Cir.) 165 F.2d 815,822; Wilkinson v. Powe, 300 Mich. 275, 1 N.W.2d 539; Ross v. Wright, 286 Mass. 269, 190 N.E. 514, 98 A.L.R. 468.