### GUERDON INDUSTRIES, INC., Appellant,

v.

### Joseph B. ROSE, Respondent.

### No. C5–86–1058.

Court of Appeals of Minnesota.

Jan. 13, 1987.

John B. Waldron, Courey, Schwinn & Kodadeck, P.A., Minneapolis, for appellant.

Mark E. Fuller, Fuller & Finney, Minneapolis, for respondent.

## OPINION

NIERENGARTEN, Judge.

Appellant Guerdon Industries, Inc. (Guerdon) sued respondent Rose for intentionally interfering with its contract to sell land to another. The trial court found no liability and Guerdon appeals. We affirm.

## FACTS

Joseph Rose negotiated to buy some land from Guerdon. A dispute arose over what was included in closing costs and Guerdon notified Rose that the property had been sold to a third party.

Rose sued Guerdon for damages or, in the alternative, specific performance, and filed a lis pendens against the property. Guerdon counterclaimed, alleging Rose intentionally interfered with his contract to sell to a third party. From summary judgment in favor of Guerdon on Rose's complaint, Rose appealed. Guerdon responded by seeking damages and double costs pursuant to Minn.R.Civ.App.P. 138, alleging that Rose's appeal was frivolous, without merit, and brought for spite. This court affirmed the trial court's summary judgment but denied Guerdon's request for cost and damages because nothing in the record indicated the appeal was frivolous or for mere spite. *Rose v. Guerdon Industries, Inc.*, 374 N.W.2d 282 (Minn.Ct.App.1985).

In this action, Guerdon complains that his sale to the second buyer was delayed solely due to the lawsuit brought by Rose, resulting in loss of use of the money he would have received if the sales transaction had closed on the date originally planned. The trial court found no liability and Guerdon appeals.

## ISSUE

Did the evidence establish a tortious interference in the contract rights of another?

## ANALYSIS

█ Recovery can be obtained for interfering with a contract by establishing that

1. A contract existed.
2. The alleged tortfeasor knew of the contract.
3. He *intentionally* interfered with the contract.
4. His actions were *not justified.*
5. Damages resulted.

*Royal Realty Co. v. Levin,* 244 Minn. 288, 292, 69 N.W.2d 667, 671 (1955); *Potthoff v. Jefferson Lines, Inc.,* 363 N.W.2d 771, 775 (Minn.Ct.App.1985).

Rose did not dispute that the action he took in filing his lawsuit and lis pendens against the property was intentional but claims he lacked the necessary intent or motive to harm Guerdon. In order to be liable for tortious interference with Guer-

don's contract with the third party, Rose must have intended to so interfere. *See Restatement* (Second) of Torts § 766 comment a (1977). "If the actor does not have this intent, his conduct does not subject him to liability * * * even if it has the unintended effect of deterring the third person from dealing with the other." *Id.* comment h. It does appear that Rose intended to delay Guerdon's sale of its property, since sale to another would be inconsistent with Rose's request for specific performance.

> The rule applies * * * to an interference that is incidental to the actor's independent purpose and desire but known to him to be a necessary consequence of his action.

> The fact that this interference was not desired and was purely incidental in character is, however, a factor to be considered in determining whether the interference is improper.

*Id.* comment j. Thus, it appears the nature of the intent determines liability. We therefore look at the facts to determine whether or not Rose's actions were justified. If they were, there is no liability.

One basis for justification is the assertion of a bona fide claim.

> One who, by asserting in good faith a legally protected interest of his own or threatening in good faith to protect the interest by appropriate means, intentionally causes a third person not to perform an existing contract * * * does not interfere improperly with the other's relation if the actor believes that his interest may otherwise be impaired or destroyed by the performance of the contract or transaction.

*Restatement (Second) of Torts* § 773 (1977). This rule affords protection when the actor (1) has a legally protected interest, (2) asserts it in good faith and, (3) uses proper means. *Id.* comment a. Rose claims that he had a legally protected interest because he believed in good faith that he had a contract with Guerdon. Guerdon argues that because this court found no contract existed, there is no legally protect-

ed interest. *See Rose v. Guerdon Industries, Inc.,* 374 N.W.2d 282 (Minn.Ct.App. 1985).

It generally is held that the question of justification is one of fact for the factfinder and the standard is what was reasonable and just under the circumstances of the case. *Bennett v. Storz Broadcasting Co.,* 270 Minn. 525, 536–37, 134 N.W.2d 892, 900 (1965); *Potthoff v. Jefferson Lines, Inc.,* 363 N.W.2d 771, 776 (Minn. Ct.App.1985). Justification "is not susceptible of any precise definition, and normally it is a question of fact for the jury's determination." *Royal Realty Co.,* 244 Minn. at 295, 69 N.W.2d at 673 (footnotes omitted). In this case the trier of fact found that Rose believed in good faith that he had a valid contract with Guerdon. It follows that his conduct in pursuing his legal remedies was justified and did not tortiously interfere with Guerdon's contract with another.

## DECISION

Because the action taken by Rose was justified, the trial court was correct in finding no liability on his part.

Affirmed.