Catherine M. GERTKEN, individually and as Trustee of the Next of Kin of Serena M. Gertken and Denis H. Gertken, Respondent,

v.

STATE of Minnesota, Appellant.

No. C8–92–768.

Court of Appeals of Minnesota.

Dec. 8, 1992.

Review Denied Feb. 9, 1993.

Gerald W. Von Korff, Thomas E. Kiernan, Rinke–Noonan, St. Cloud, for respondent.

Hubert H. Humphrey, III, Atty. Gen., James S. Alexander, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by NORTON, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Respondent Catherine Gertken alleged in two wrongful death claims that a state licensing inspector provided negligent advice concerning the safety of her home's ventilation system. Conditions existing at the time of the inspection later resulted in carbon monoxide poisoning in her home. Appellant State of Minnesota moved to dismiss her complaint, maintaining that it was barred by the state's licensing immunity.

The trial court granted the state's motion on respondent's claim for negligent inspection, but denied the motion on respondent's claim of a common law duty of care based on advice regarding ventilation of the fireplace. The state appeals from the part of this judgment denying its motion to dismiss, and we reverse.

## FACTS

The Gertken family applied for a day care license in 1989. An inspection required for issuance of the license was conducted by State Deputy Fire Marshal Robert Berg. During the inspection, respondent allegedly asked Berg to inspect the fireplace. He responded only by stating that she should clean the chimney every couple of years.

During the following year, Mr. Gertken built a fire in the fireplace. Later, all the occupants of the home were rendered unconscious by carbon monoxide fumes. This poisoning was caused by several conditions which led to inadequate air circulation around the furnace, combined with a vacuum created by a draft from the fireplace. As a result, respondent was comatose for three months, and her husband and daughter died.

Respondent contends that two of the contributing factors of this accident existed at the time of the deputy's inspection and constituted violations of licensing stan-

dards. She bases her claim on allegations that Berg failed to observe these violations and that she detrimentally relied on Berg's representations concerning the adequacy of her home's ventilation system.

## ISSUE

Did the trial court err in ruling that certain advice provided by a state licensing inspector is not subject to the licensing immunity contained in Minn.Stat. § 3.736, subd. 3(j) (Supp.1989).

## ANALYSIS

In reviewing a motion to dismiss, the only question is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Public Safety,* 298 N.W.2d 29, 32 (Minn.1980). The complaint must be liberally construed in determining whether it states a cognizable cause of action, and its factual allegations must be taken as true. *Royal Realty Co. v. Levin,* 244 Minn. 288, 292, 69 N.W.2d 667, 671 (1955).

■ Minn.Stat. § 3.736, subd. 3(j) provides the state and its employees with immunity for any loss "based on the failure of a person to meet the standards needed for a license, permit, or other authorization issued by the state or its agents." The trial court found this statute inapplicable to advice given by Deputy Berg concerning ventilation of the fireplace because it was not directly related to standards needed for a license.

We conclude that this advice is related to license standards. Regulations from various codes employed by Berg in the inspection, read separately or together, make it amply evident that ventilation is within the scope of day care licensing standards. *See* Minn. R. 7510.0400 (1989) (Minnesota Uniform Fire Code). Minn.Stat. § 3.736, subd. 3(j) gives the state immunity from claims

arising from this advice. The Minnesota Supreme Court recognized the legal impact of this statute in *Andrade v. Ellefson,* 391 N.W.2d 836 (Minn.1986) (where the court raised the statute as a potential defense, but found it was waived because of liability insurance).[1]

■ Respondent contends that her cause of action is premised here on something other than implications of licensure. Instead, she argues that it is premised on the silence of Deputy Berg in these circumstances, where she specifically asked him to inspect the fireplace venting.[2]

■ The immunity statute includes the state's representations within the scope of the subject matter involved in the issuance of a license. It would be anomalous to construe the statute to apply only to representations implied by state licensure and not to express statements or silence in response to comments on subjects within the scope of the licensing inspection. We approach this case exactly as did the trial court, asking simply whether the representations were "directly related" to the scope of the subject matter considered in licensing.

We observe, as the state contends, that this case does not involve a claim of express representations which are said to contrast with the subject matter of licensing implications.[3] Rather, the facts show that Deputy Berg was asked to inspect the fireplace and that he told Gertken "only" to "clean the chimney every couple of years." There is no evidence that Berg expressly represented the safety of the fireplace venting, nor is there any suggestion that cleaning the chimney is germane to any cause of action here.

## DECISION

Because advice given by Deputy Berg regarding ventilation of the chimney was

---

1. *Andrade* does not call for a contrary result because the comments regarding specific representations addressed a common law duty issue rather than immunity.

2. Respondent's argument is based in part on an erroneous statement of fact that Berg assured her that "the condition of the premises was safe"

provided Mrs. Gertken clean the chimney every couple of years.

3. Our holding is confined to the facts of this case and does not address the issue of an express representation which differs from the representations implied by licensing.

directly related to the standards needed for a license, the state is immune from actions arising from this representation, pursuant to Minn.Stat. § 3.736, subd. 3. This ruling is dispositive, so that we do not reach the question whether there was any common law duty assumed by Deputy Berg.

Reversed.