**James MANSON, on behalf of himself and all others similarly situated, Appellant,**

v.

**STATE of Minnesota, DEPARTMENT OF EMPLOYEE RELATIONS, Respondent.**

No. C2–99–2166.

Court of Appeals of Minnesota.

July 11, 2000.

Garrett D. Blanchfield, Jr., Jeffrey R. Anderson, Reinhardt & Anderson, St. Paul; and Robert A. Manson, Roseville (for appellant).

Mike Hatch, Attorney General, Cassandra O. O'Hern, Assistant Attorney General, St. Paul, (for respondent).

Considered and decided by DAVIES, Presiding Judge, PETERSON, Judge, and HALBROOKS, Judge.

## OPINION

PETERSON, Judge

Appellant argues that the district court erred when it determined that the Minnesota Department of Employee Relations did not violate the Minnesota Government Data Practices Act when it gave his social security number to an employee union. We reverse and remand.

## FACTS

Appellant James Manson is an employee of the Minnesota Department of Revenue. Since 1989, Manson has been a member of a unit of employees that has been represented by the Minnesota Association of Professional Employees (MAPE). Respondent Minnesota Department of Employee Relations (DOER) is required by Minn.Stat. § 179A.06, subd. 3 (1998), to provide MAPE with a list of all employees in the unit represented by MAPE.

DOER identified Manson as one of the unit members and gave MAPE his name, address, telephone number, and social security number. When Manson was asked to supply his social security number, he was not informed that the number would be given to MAPE.

Manson brought suit against DOER, alleging that the release of state employee social security numbers to employee unions violated the Minnesota Government Data Practices Act. DOER moved to dismiss Manson's complaint for failure to state a claim upon which relief can be granted. The district court determined that releasing Manson's social security number was necessary because the social security number was the only data DOER possessed that differentiated Manson from all other employees. Based on this determination, the district court concluded that

DOER did not violate the Government Data Practices Act and granted the motion to dismiss.

## ISSUE

Did the district court err by determining that dissemination of Manson's social security number was necessary?

## ANALYSIS

■ In reviewing cases dismissed for failure to state a claim on which relief can be granted, "[t]he only question before us is whether the complaint sets forth a *legally sufficient* claim for relief. It is immaterial to our consideration here whether or not the plaintiff can prove the facts alleged." *Elzie v. Commissioner of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980) (quoting *Royal Realty Co. v. Levin*, 244 Minn. 288, 290, 69 N.W.2d 667, 670 (1955) (emphasis in *Elzie* )). Statutory construction is a question of law, which this court reviews de novo. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

■ The Minnesota Government Data Practices Act "regulates the collection, creation, storage, maintenance, dissemination, and access to government data in state agencies, statewide systems, and political subdivisions." Minn.Stat. § 13.01, subd. 3 (1998). Under the Data Practices Act, [a]n individual asked to supply private * * * data concerning the individual shall be informed of: (a) the purpose and intended use of the requested data within the collecting state agency * * *; (b) whether the individual may refuse or is legally required to supply the requested data; (c) any known consequence arising from supplying or refusing to supply private * * * data; and (d) the identity of other persons or entities authorized by state or federal law to receive the data.

Minn.Stat. § 13.04, subd. 2 (1998).[1] Private data on an individual shall not be

---

1. The notice that an agency is required to     provide an individual asked to supply private

disseminated by a state agency "for any purposes other than those stated to the individual at the time of collection." Minn. Stat. § 13.05, subd. 4 (1998).

> The social security numbers of individuals collected or maintained by a state agency * * * are private data on individuals, except to the extent that access to the social security number is *specifically* authorized by law.

Minn.Stat. § 13.49, subd. 1 (1998) (emphasis added).

Under Minn.Stat. § 13.49, subd. 1, Manson's social security number is private data on an individual unless there is a law that specifically authorizes access to the social security number. And under Minn.Stat. § 13.05, subd. 4, if the social security number is private data on an individual, the number shall not be disseminated for any purpose other than those stated to Manson at the time he supplied the number.

It is undisputed that when Manson was asked to supply his social security number, he was not informed that the number would be given to MAPE. But DOER contends that because Minn.Stat. § 13.43, subd. 6 (1998), specifically authorizes access to Manson's social security number, the number is not private data on an individual, and it was not necessary to inform Manson when he supplied his social security number that the number would be released to MAPE. Therefore, DOER concludes, Manson did not state a claim upon which relief can be granted.

Minn.Stat. § 13.43, subd. 6, provides:

> Personnel data[2] may be disseminated to labor organizations to the extent that *the responsible authority determines that the dissemination is necessary* to conduct elections, notify employees of fair

share fee assessments, and implement the provisions of chapters 179 and 179A. (Emphasis added.)

DOER argues that, as the responsible authority with respect to data disseminated to labor organizations, it has discretion to determine what information is necessary to conduct elections, notify employees of fair share fee assessments, and implement the provisions of chapters 179 and 179A. DOER contends that because it was necessary to give social security numbers to MAPE to implement the provisions of Minn.Stat. Ch. 179A, giving MAPE Manson's social security number did not violate Minn.Stat. § 13.49, subd. 1.

The district court was persuaded by this argument. It found that

> [t]he information required by the union is of the payroll type and requires the essential differentiation of plaintiff from all other[s] in the membership. The only item that differentiates people of common names is their Social Security number. True, their dates of birth could be a differentiation factor in most cases, however, there are people with the same names who have the same dates of birth. No one has the same Social Security number. Under. this common sense resolution, the "Tennessen warning" is not required.

This finding indicates that the district court determined that dissemination of social security numbers to MAPE was necessary. But Minn.Stat. § 13.43, subd. 6, does not provide that personnel data may be disseminated to labor organizations if a court determines that dissemination is necessary to implement the provisions of chapter 179 or 179A. The statute provides that "[p]ersonnel data may be disseminated to labor organizations to the extent that the responsible authority determines that the dissemination is necessary." Minn.

---

data concerning the individual is commonly referred to as a Tennessen warning.

**2.** The parties do not dispute that Manson's social security number is personnel data. *See*

Minn.Stat. § 13.43, subd. 1 (1998) (personnel data includes "data on individuals collected because the individual is or was [a state employee]").

Stat. § 13.43, subd. 6. Consequently, if the responsible authority has not determined that dissemination of Manson's social security number to MAPE is necessary to conduct elections, notify employees of fair share fee assessments, and implement the provisions of chapters 179 and 179A, Minn. Stat. § 13.43, subd. 6, does not permit dissemination of the number. The district court improperly based its decision on its own determination that dissemination of Manson's social security number was necessary.

DOER argues that, as the responsible authority, it did determine that it was necessary to give social security numbers to MAPE to implement the provisions of Minn.Stat. Ch. 179A. But this argument, which is essentially a claim that there is a factual basis for determining that DOER's dissemination of the social security numbers was specifically authorized by Minn. Stat. § 13.43, subd. 6, is premature. All that was necessary for Manson to defeat the motion to dismiss for failure to state a claim upon which relief can be granted was that his complaint set forth a legally sufficient claim for relief. Manson alleged that DOER released social security numbers to MAPE in violation of Minn.Stat. § 13.49, subd. 1. It is immaterial at this stage whether Manson can prove the factual basis for his claim.

## DECISION

Minn.Stat. § 13.43, subd. 6 (1998), provides that personnel data may be disseminated to labor organizations to the extent that the responsible authority determines that the dissemination is necessary. Therefore, the district court improperly granted the motion to dismiss for failure to state a claim upon which relief can be granted based on its own determination that dissemination of Manson's social security number was necessary.

**Reversed and remanded.**